**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TY JOSLYN,**

    **Plaintiff,**

v.                                                                  Case No.

**M/I HOMES, INC., and**
**M/I HOMES OF SARASOTA, LLC,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff TY JOSLYN ("Plaintiff" or "Joslyn"), by and through the undersigned counsel, hereby sues Defendants M/I HOMES, INC. and M/I HOMES OF SARASOTA, LLC ("Defendants") and alleges as follows:

## I.    INTRODUCTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Florida Civil Rights Act of 1992, § 760.01, et seq., Fla. Stat. ("FCRA"), and the Age Discrimination in Employment Act ("ADEA") by an employee who was terminated because of his age, sex, and in retaliation for engaging in protected activity.

## II.   JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1343 because Plaintiff states claims under Title VII and the ADEA. The Court may assert supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. All administrative prerequisites to filing suit have been satisfied or excused.

4. Venue is proper in this Court because all facts material to these claims occurred in Sarasota County, Florida, within the Tampa Division of the Middle District of Florida, and Defendants conduct substantial business in this District.

### III. PARTIES

5. At all times material to this action, Defendant M/I Homes, Inc. was and is an Ohio corporation engaged in residential construction and sales in Sarasota, Florida, employing more than fifteen (15) employees for each working day in at least twenty (20) weeks of the year.

6. At all times material to this action, Defendant M/I Homes of Sarasota, LLC was and is a Delaware limited liability corporation engaged in residential construction and sales in Sarasota, Florida, employing more than fifteen (15) employees for each working day in at least twenty (20) weeks of the year. Defendant M/I Homes of Sarasota, LLC is a wholly-owned subsidiary of M/I Homes, Inc.,

7. At all times material to this action, Plaintiff was an "employee" of Defendants as defined by Title VII, the ADEA, and the FCRA.

### IV. GENERAL ALLEGATIONS

8. Plaintiff began working for Defendants on or about August 1, 2019, as an Area Sales Manager in the Sarasota, Florida division.

9. Plaintiff consistently met or exceeded performance expectations and contributed to the success of the division.

10. During his employment, Plaintiff was subjected to disparate treatment compared to younger employees, including but not limited to loss of prime sales opportunities, exclusion from meetings, and increased scrutiny.

11. During his employment, Defendants undertook a program to terminate older employees, like Plaintiff.

12. Younger managers of Defendant used terms like, "seasoned sales team," to discuss Plaintiff and his older co-workers.

13. There was even a sign placed in the Defendants' office that stated, "NOW ENTERING THE OLD FOLKS ZONE."

14. In the fall of 2023, Plaintiff participated in an investigation of discrimination against female employees of Defendants.

15. During that investigation Plaintiff reported that Defendants' management was discriminating against female co-workers. Plaintiff also reported that he had been advised that a member of management had been terminated from his prior employment due to sexual harassment.

16. Plaintiff also expressed concerns to members of management about discrimination and harassment on multiple other occasions.

17. On November 27, 2023, Defendants terminated Plaintiff's employment, citing alleged "poor performance" as the reason.

18. Following Plaintiff's termination, Defendants replaced him with a substantially younger employee.

19. The stated reason for Plaintiff's termination was false and pretextual, intended to conceal unlawful discrimination on the basis of age and sex, and retaliation for engaging in protected activity.

20. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging age discrimination, sex discrimination, and retaliation.

21. The EEOC issued a Cause Determination finding reasonable cause to believe that Defendants violated federal law associated with Plaintiff's termination and issued Plaintiff a Notice of Right to Sue. This lawsuit is filed within ninety (90) days of receipt of that Notice.

22. Plaintiff has retained the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
## UNLAWFUL DISCRIMINATION UNDER THE ADEA (Age)

23. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully stated herein.

24. The actions of Defendants, as detailed above, constitute unlawful discrimination in violation of the ADEA in that Defendants terminated Plaintiff because of his age.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, and that the Court award back pay, front pay, compensatory damages, liquidated damages, pre- and post-judgment interest,

reinstatement, reasonable costs and attorneys' fees, and such other relief as the Court or jury deems just and proper.

## COUNT II
## UNLAWFUL DISCRIMINATION UNDER THE FCRA (Age)

25. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully stated herein.

26. The actions of Defendants, as detailed above, constitute unlawful discrimination in violation of the FCRA in that Defendants terminated Plaintiff because of his age.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, and that the Court award back pay, front pay, compensatory damages, liquidated damages, pre- and post-judgment interest, reinstatement, reasonable costs and attorneys' fees, and such other relief as the Court or jury deems just and proper.

## COUNT III
## UNLAWFUL DISCRIMINATION UNDER TITLE VII (Sex)

27. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully stated herein.

28. The actions of Defendants, as detailed above, constitute unlawful discrimination in violation of Title VII in that Defendants terminated Plaintiff because of his sex.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, and that the Court award back pay, front pay, compensatory damages, pre- and post-judgment interest, reinstatement, punitive

damages, reasonable costs and attorneys' fees, and such other relief as the Court or jury deems just and proper.

## COUNT IV
## UNLAWFUL DISCRIMINATION UNDER THE FCRA (Sex)

29. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully stated herein.

30. The actions of Defendants, as detailed above, constitute unlawful discrimination in violation of the FCRA in that Defendants terminated Plaintiff because of his sex.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, and that the Court award back pay, front pay, compensatory damages, pre- and post-judgment interest, reinstatement, punitive damages, reasonable costs and attorneys' fees, and such other relief as the Court or jury deems just and proper.

## COUNT V
## RETALIATION UNDER ADEA

31. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully stated herein.

32. The actions of Defendants, as detailed above, constitute unlawful retaliation in violation of the ADEA in that Defendants terminated Plaintiff for engaging in protected activity.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, and that the Court award back pay, front pay, compensatory damages, liquidated damages, pre- and post-judgment interest,

reinstatement, punitive damages, reasonable costs and attorneys' fees, and such other relief as the Court or jury deems just and proper.

## COUNT VI
## RETALIATION UNDER TITLE VII

33. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully stated herein.

34. The actions of Defendants, as detailed above, constitute unlawful retaliation in violation of Title VII in that Defendants terminated Plaintiff for engaging in protected activity.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, and that the Court award back pay, front pay, compensatory damages, liquidated damages, pre- and post-judgment interest, reinstatement, punitive damages, reasonable costs and attorneys' fees, and such other relief as the Court or jury deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 27th day of August, 2025.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
Kwall Barack Nadeau PLLC

304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff